Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
Elizabeth S. Lachman (SBN 261644)
elachman@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:  (213) 694-1200
Facsimile:   (213) 694-1234

Jeff Mueller (*pro hac vice* forthcoming)
jmueller@daypitney.com
Gregory R. Bruno (*pro hac vice* forthcoming)
gbruno@daypitney.com
Adam K. Grant (*pro hac vice* forthcoming)
agrant@daypitney.com
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, NY 10158-1803
Telephone:  (212) 297-5800
Facsimile:   (212) 916-2940

Attorneys for Defendant
LGI Holdings LLC d/b/a Alphabet Wholesale

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANVIEW DISTRIBUTION GROUP LLC, a Wyoming limited liability company; SMASH HIT TRADING LLC, a Wyoming limited liability company; and GREEN GOLD ICE LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>LGI HOLDINGS, LLC, a Wyoming limited liability company; ALPHABET WHOLESALE, a business organization, form unknown; ALPHABET WHOLESALE, INC., a corporation; ALPHABET WHOLESALE, LLC, a limited liability company; PEYTON PALAIO, an individual; TED PALAIO, an individual; LAWRENCE LARSEN, an individual; MARK JENNINGS, an individual; MARK JENNINGS, individually and as a director of Alphabet Wholesale, business form unknown; MARK JENNINGS, individually and doing business as Alphabet Wholesale; JASON FOSTER, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:21-cv-07178<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a)** |

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant LGI Holdings LLC (d/b/a Alphabet Wholesale) ("Defendant" or "LGI") hereby removes the above-captioned action ("Action") to this Court from the Superior Court of the State of California, County of Los Angeles. As set forth below, Defendant has complied with the statutory requirements for removal under 28 U.S.C. §§ 1441 and 1446, and this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). In support of this Notice of Removal, Defendant avers as follows:

## PROCEDURAL HISTORY

1. On July 16, 2021, Plaintiffs Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice, LLC (collectively, "Plaintiffs") filed a Complaint (the "Complaint") against defendants LGI, Peyton Palaio, Ted Palaio, Lawrence Larsen, Mark Jennings, and Jason Foster (collectively, "Defendants") in the Superior Court of the State of California, County of Los Angeles, Case Number 21STCV26352. Plaintiffs bring claims for (1) fraud in the inducement; (2) tortious interference with contractual relationship; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) unjust enrichment; and (6) declaratory relief. Plaintiffs seek, among other things, general, rescissionary, special, and punitive damages, and injunctive relief. (*See* **Exhibit A** (Complaint)).

2. On August 9, 2021, the Summons and Complaint were served on LGI through its registered agent.

3. As of the filing of this Notice of Removal, the Summons and Complaint have not been served on any of the other named Defendants.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

4. This Notice of Removal is timely insofar as it is filed within 30 days of service of the Summons and Complaint on LGI, the only Defendant to have been served to date. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (holding that "a named defendant's time to remove

is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service") (emphasis supplied).

5. Removal to the Central District of California is proper because this District includes Los Angeles County, California. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(c)(2) (providing that the Central District of California, Western Division, includes Los Angeles County).

6. Per, 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders served on the Defendants in the Action are included with the filing of this Notice as follows:

    a. Exhibit A – Complaint (Exhibit 2 under seal per original filing)[1]
    b. Exhibit B – Summons, civil case coversheet, and other initiating documents;
    c. Exhibit C – Notice Of Motion And Plaintiff Cleanview Distribution Group LLC's Motion To Seal;
    d. Exhibit D – Plaintiff Cleanview Distribution Group LLC's Notice Of Lodging The Confidential Exhibit 2 To The Complaint Filed July 16, 2021 [Public Version]

7. As LGI is the only defendant to have been properly served and joined in this action, no other defendant is required to consent to the removal of this action. 28 U.S.C. § 1446(b)(2)(A).

8. After filing this Notice of Removal, LGI will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of the State of California,

---

[1] The Complaint includes an Exhibit 1 and Exhibit 2. Plaintiffs filed Exhibit 2 to the Complaint conditionally under seal in the state court action. Exhibit 2 is a confidential memorandum of understanding that is subject to a confidentiality agreement. Consistent with Plaintiffs' under seal filing and the confidentiality agreement limiting the MOU's disclosure, Defendant is contemporaneously filing an Application to File Under Seal with respect to Exhibit 2 to the Complaint.

1 County of Los Angeles, and will serve a copy on counsel for Plaintiffs, as required by
2 28 U.S.C. § 1446(d).
3     9.    Therefore, all procedural requirements set forth in 28 U.S.C. § 1446 have
4 been satisfied.

## GROUNDS FOR REMOVAL

6     10.    LGI's basis for removal is diversity jurisdiction. "The general-diversity
7 statute, § 1332(a), authorizes federal court jurisdiction over cases in which the
8 citizenship of each plaintiff is diverse from the citizenship of each defendant."
9 *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996).
10     11.    Here, the citizenship of each of the Defendants is diverse from the
11 citizenship of each of the Plaintiffs, and the amount in controversy exceeds $75,000.
12 28 U.S.C. § 1332(a).

### I. Plaintiffs are Citizens of the State of California.

14     12.    The Complaint filed in this Action alleges only that plaintiffs Cleanview
15 Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice LLC are
16 limited liability companies in the State of Wyoming with their principal places of
17 business in Los Angeles, California. However, for purposes of diversity jurisdiction,
18 "[a] limited liability company is a citizen of every state of which its owners/members
19 are citizens, not the state in which it was formed or does business." *NewGen, LLC v.*
20 *Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (internal quotation marks omitted).
21     13.    LGI has searched publicly available information about plaintiffs
22 Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice
23 LLC maintained by the Wyoming Secretary of State, but have been unable to ascertain
24 information about their members.
25     14.    Further, LGI's counsel has asked Plaintiffs' counsel for information
26 about the citizenship of the members of plaintiffs Cleanview Distribution Group LLC,
27 Smash Hit Trading LLC, and Green Gold Ice LLC, but has not been provided with
28 that information.

15. Where jurisdictional facts are in the control of the opposing party and not otherwise readily available, "a defendant's allegations of citizenship may be based solely on information and belief." *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019), cert. denied, 140 S. Ct. 2566, 206 L. Ed. 2d 497 (2020); *Trelevate LLC v. Dumont Aviation Grp. Inc.*, No. CV-19-05171-PHX-DWL, 2019 WL 11707398, at *2 (D. Ariz. Sept. 17, 2019) (holding that defendants "may allege the [plaintiff] LLC members' citizenship on information and belief if the information is not reasonably ascertainable") (citing *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014)).

16. Upon information and belief, John Thomas Bryant and Lisa Wong are the sole members of plaintiffs Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice LLC.

17. The Plaintiffs' Complaint alleges that John Thomas Bryant is the "principal" of the "Cleanview Companies" (defined to include plaintiff Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice LLC). Mr. Bryant is also the signatory to the Exclusive Supply Agreement at issue in this action on behalf of Smash Hit Trading LLC and Green Gold Ice LLC.

18. Lisa Wong, who is believed to be Mr. Bryant's wife, filed a declaration in the Action declaring that she is the "manager" of Cleanview Distribution Group LLC. Further, Ms. Wong executed the Memorandum of Understanding and Non-Disclosure Agreement at issue in this action on behalf of Cleanview Distribution Group LLC.

19. Upon information and belief, both John Thomas Bryant and Lisa Wong are domiciled in, and therefore are citizens of, the State of California.

20. Accordingly, upon information and belief, plaintiffs Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold Ice LLC are each citizens of the State of California, which is the only state where their members are citizens.

## II. Defendants Are Citizens of the States of Georgia, Washington, and Massachusetts.

21. LGI is a single member limited liability company. The sole member of LGI is Peyton Palaio. Peyton Palaio is domiciled in, and therefore a citizen of, the State of Georgia. Accordingly, LGI is also a citizen of the State of Georgia. *NewGen*, 840 F.3d at 612.

22. Upon information and belief, Alphabet Wholesale Inc., Alphabet Wholesale LLC, and Alphabet Wholesale, business form unknown, are non-existent entities. Instead, "Alphabet Wholesale" is a fictitious trade name utilized by LGI. As such, the citizenship of Alphabet Wholesale Inc., Alphabet Wholesale LLC, and Alphabet Wholesale, business form unknown, must be disregarded for purposes of this diversity analysis. 28 U.S.C. § 1441(b)(1); *see also Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 463 (1980) (noting that "diversity jurisdiction depends upon the citizenship of real parties to the controversy"); *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133–34 (9th Cir. 2002) (holding that citizenship of non-existent entity "would have to be disregarded for purposes of federal jurisdiction"); *Duran v. DHL Express (USA), Inc.*, No. CV 15-09965-BRO (EX), 2016 WL 742864, at *6 (C.D. Cal. Feb. 24, 2016) (holding that citizenship of "non-existent entities" is "irrelevant to the Court's diversity of citizenship analysis); *See Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899, 900 (5th Cir. 1975) (holding case was "lawfully" removed where arguably non-diverse party "was only a trade name and not a legal entity"); *DHW Purchasing Grp., LLC v. Hub Int'l Midwest Ltd.*, No. 19-cv-1243, 2019 WL 5586873, at *2 (D.S.C. Oct. 30, 2019) (disregarding defendant identified only as a trade name/DBA for purposes of determining whether removal was proper).

23. Defendant Peyton Palaio is domiciled in, and therefore a citizen of, the State of Georgia.

24. Defendant Ted Palaio is domiciled in, and therefore a citizen of, the State of Washington.

25. Defendant Lawrence Larsen is domiciled in, and therefore a citizen of, the State of Washington.

26. Defendant Mark Jennings is domiciled in, and therefore a citizen of, the State of Georgia.

27. Defendant Jason Foster is domiciled in, and therefore a citizen of, the State of Massachusetts.

28. The only other defendants named in the Complaint are fictitious parties identified as "DOES 1 through 10," whose citizenship must be disregarded for the purpose of removal. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *see also Goldsmith v. CVS Pharmacy, Inc.*, No. CV 20-00750-AB (JCX), 2020 WL 1650750, at *4 (C.D. Cal. Apr. 3, 2020) ("[T]he Court finds that the clear language of 28 U.S.C. § 1441(b)(1) requires it to disregard the citizenship of the Doe Defendants at this stage.").

29. Thus, diversity of citizenship exists between all Plaintiffs (who are each citizens of the State of California) and all Defendants (who are citizens of the states of Washington, Georgia, or Massachusetts). 28 U.S.C. § 1332(a).

30. Further, no party in interest properly joined and served as a defendant is a citizen of the State of California. 28 U.S.C. § 1441(b)(2).

**III.   The $75,000 Amount-In-Controversy Requirement Is Met.**

31. The $75,000 amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a) is also met here. Among other relief, Plaintiffs seek damages of at least $10 million. (Compl., Prayer for Relief). 28 U.S.C. § 1446(c)(2).

## RESERVATION OF RIGHTS

32. By removing this action from the Superior Court of the State of California, County of Los Angeles, LGI does not waive any defenses available to it, all of which are expressly reserved.

33. By removing this action from the Superior Court of the State of California, County of Los Angeles, LGI does not admit any of the allegations in Plaintiffs' Complaint.

LGI also reserves the right to amend or supplement this Notice of Removal. If any questions arise as to the propriety of the removal of this Action, LGI expressly requests the opportunity to present such further evidence or seek such further discovery as may be necessary to support its position that this Action is removable.

WHEREFORE, defendant LGI Holdings LLC removes the above-captioned action, Case Number 21STCV26352, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: September 7, 2021              Respectfully submitted,

                                      MCKOOL SMITH HENNIGAN, P.C.


                                      By: /s/ Elizabeth S. Lachman
                                              Elizabeth S. Lachman

                                      Attorneys for Defendant
                                      LGI Holdings LLC d/b/a Alphabet Wholesale