Kirk D. Dillman (SBN 110486)
kdillman@mckoolsmithhennigan.com
M. Storm Byrd (SBN 319387)
sbyrd@mckoolsmithhennigan.com
MCKOOL SMITH HENNIGAN, P.C.
300 South Grand Avenue, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 694-1200
Facsimile:   (213) 694-1234

Jeff Mueller (admitted *pro hac vice*)
jmueller@daypitney.com
Gregory R. Bruno (admitted *pro hac vice*)
gbruno@daypitney.com
DAY PITNEY LLP
605 Third Avenue, 31st Floor
New York, NY 10158-1803
Telephone:   (212) 297-5800
Facsimile:   (212) 916-2940

*Attorneys for Defendant*
*LGI Holdings LLC d/b/a Alphabet Wholesale*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CLEANVIEW DISTRIBUTION GROUP LLC, a Wyoming limited liability company; SMASH HIT TRADING LLC, a Wyoming limited liability company; and GREEN GOLD ICE LLC, a Wyoming limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> LGI HOLDINGS, LLC, a Wyoming limited liability company; ALPHABET WHOLESALE, a business organization, form unknown; ALPHABET WHOLESALE, INC., a corporation; ALPHABET WHOLESALE, LLC, a limited liability company; PEYTON PALAIO, an individual; TED PALAIO, an individual; LAWRENCE LARSEN, an individual; MARK JENNINGS, an individual; MARK JENNINGS, individually and as a director of Alphabet Wholesale, business form unknown; MARK JENNINGS, individually and doing business as Alphabet Wholesale; JASON FOSTER, an individual; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 2:21-cv-07178 SB (JCx) <br><br> **DEFENDANT LGI HOLDINGS LLC'S *EX PARTE* APPLICATION TO CONTINUE HEARING ON MOTION TO DISMISS COMPLAINT** <br><br> Courtroom: 6C <br> Judge: Hon. Stanley Blumenfeld, Jr. <br><br> Removal from Los Angeles County Superior Court on September 7, 2021 <br><br> Trial Date: November 7, 2022 |

McKool Smith Hennigan, P.C.
Los Angeles, CA

McKool Smith Hennigan, P.C.
Los Angeles, CA

## I.   INTRODUCTION

Pursuant to Local Rule 7-19, Defendant LGI Holdings LLC (d/b/a Alphabet Wholesale) ("LGI") requests an order continuing the hearing on LGI's Motion to Dismiss Plaintiffs' Initial Complaint (Dkt. No. 37) (the "Initial Motion"), currently scheduled for November 19, 2021, until such time as the Initial Motion and LGI's forthcoming Motion to Dismiss Plaintiffs' First Amended Complaint can be heard concurrently.  Good cause exists for *ex parte* relief as continuing the hearing would result in the efficient use of party resources and the Court's resources.

Pursuant to Local Rule 7-19, Counsel for LGI informed Stephen Ram of Stradling Yocca Carlson & Rauth, 660 Newport Center Drive, Suite 1600, Newport Beach, CA 92660, 949-725-4102, sram@stradlinglaw.com, counsel for Plaintiffs Cleanview Distribution Group, Smash Hit Trading LLC, and Green Gold Ice LLC (collectively "Plaintiffs") that LGI would be seeking this relief and the basis for the request.  Declaration of M. Storm Byrd in Support of Defendant LGI Holdings LLC's *Ex Parte* Application to Continue Hearing on Motion to Dismiss Complaint ("Byrd Decl."), ¶¶ 4-5.  Plaintiffs' counsel said they would not agree to the requested relief. Byrd Decl., ¶ 5.

## II.   A CONTINUANCE IS NECESSARY TO AVOID WASTE OF RESOURCES AND TO PROMOTE JUDICIAL EFFICIENCY

The parties are currently scheduled to appear before the Court in connection with the Initial Motion on November 19, 2021.  Throughout the meet and confer efforts with Plaintiffs' counsel prior to filing the Initial Motion, LGI identified numerous deficiencies in Plaintiffs' initial complaint.  Plaintiffs' counsel informed LGI it intended to amend Plaintiffs' initial complaint.  Despite multiple inquiries and additional meet and confer efforts via email, Plaintiffs failed to amend their complaint prior to the deadline for the filing of the Initial Motion – October 14, 2021 – leaving LGI with no choice but to move to dismiss a complaint that Plaintiffs acknowledged needed to be amended.

McKool Smith Hennigan, P.C.
Los Angeles, CA

1    Plaintiffs did not amend their complaint promptly after the filing of the Initial

2  Motion, instead bizarrely choosing to file an opposition to the Initial Motion (Dkt. No

3  48).  In fact, even though Plaintiffs first acknowledged that they would amend their

4  complaint on October 1, 2021, they did not do so until November 4, 2021 at 9:26 PM,

5  just over 24 hours before LGI's reply in further support of the Initial Motion was due.

6    Having reviewed Plaintiffs' First Amended Complaint (Dkt. No. 50) (the

7  "Amended Complaint"), it is clear that jurisdictional and pleading deficiencies remain

8  present and, accordingly, LGI will be filing another motion to dismiss.  In accordance

9  with Local Rule 7-3, the parties met and conferred on November 11, 2021 to discuss

10  the deficiencies present in the Amended Complaint.  Byrd Decl., ¶ 3.  During that

11  meet and confer, LGI asked Plaintiffs' to consent to an adjournment of the hearing on

12  the Initial Motion so that hearing on the Initial Motion could be continued and heard

13  together with the forthcoming Motion to Dismiss Plaintiffs' First Amended

14  Complaint.  Byrd Decl., ¶ 4.  Plaintiffs' counsel refused that request, and the

15  following day LGI's counsel informed Plaintiffs of LGI's intent to move *ex parte* for

16  adjournment of the hearing.  Byrd Decl., ¶ 5.

17    Good cause exists for continuance as it will preserve party resources and result

18  in judicial efficiency.  LGI's deadline to respond to the Amended Complaint is

19  November 18, 2021 (the day before the hearing on the Initial Motion).  Given that

20  similar deficiencies exist in both the initial complaint and the Amended Complaint,

21  LGI asserts that holding multiple hearings several weeks apart on nearly identical

22  issues would result in judicial inefficiencies as well as a waste of party resources.  It is

23  bad enough that Plaintiffs' unnecessary delay forced LGI to waste resources moving

24  against a complaint that Plaintiffs planned to moot via the filing of the Amended

25  Complaint, Plaintiffs want to compound that waste by forcing LGI to argue the Initial

26  Motion the day after LGI files its motion to dismiss the Amended Complaint.  LGI

27  contends that it is in the best interest of the parties and the Court to hear both motions

28  to dismiss simultaneously.  Therefore, in the interest of preserving party resources and

1   judicial efficiency, LGI now submits this *ex parte* application.

2   **III.    CONCLUSION**

3           In view of the foregoing, LGI respectfully requests that the Court continue the

4   hearing on LGI's Motion to Dismiss Plaintiffs' Initial Complaint until such time as it

5   can be heard concurrently with LGI's forthcoming Motion to Dismiss Plaintiffs' First

6   Amended Complaint.

7

8   DATED: November 12, 2021                 Respectfully submitted,

9                                            MCKOOL SMITH HENNIGAN, P.C.

10

11                                           By:  */s/      M. Storm Byrd*
                                             KIRK D. DILLMAN
12                                           M. STORM BYRD

13                                           JEFFREY MUELLER (admitted *pro hac vice*)
                                             jmueller@daypitney.com
14                                           GREGORY BRUNO (admitted *pro hac vice*)
                                             gbruno@daypitney.com
15                                           DAY PITNEY LLP
                                             605 Third Avenue, 31st Floor
16                                           New York, New York 10158
                                             Telephone: (212) 297-5800
17                                           Facsimile: (212) 916-2940

18                                           *Attorneys for LGI Holdings LLC d/b/a*
                                             *Alphabet Wholesale*

19

20

21

22

23

24

25

26

27

28

McKool Smith Hennigan, P.C.
Los Angeles, CA