STEPHEN L. RAM, State Bar No. 240769
  sram@stradlinglaw.com
LISA M. NORTHRUP, State Bar No. 293784
  lnorthrup@stradlinglaw.com
NICOLE L. CARBONEL, State Bar No. 329262
  ncarbonel@stradlinglaw.com
STRADLING YOCCA CARLSON & RAUTH
A PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone: 949 725 4000
Facsimile: 949 725 4100

Attorneys for Plaintiffs
CLEANVIEW DISTRIBUTION GROUP LLC,
SMASH HIT TRADING LLC, and GREEN GOLD ICE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLEANVIEW DISTRIBUTION GROUP LLC, a Wyoming limited liability company; SMASH HIT TRADING LLC, a Wyoming limited liability company; and GREEN GOLD ICE LLC, a Wyoming limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>PEYTON PALAIO, an individual; TED PALAIO, an individual; LAWRENCE LARSEN, an individual; MARK JENNINGS, an individual; JASON FOSTER, an individual; and DOES 1 through 10, inclusive,<br>Defendants. | CASE NO. 2:21-cv-07178 SB (JCx)<br><br>Hon. Stanley Blumenfeld, Jr.<br><br>[Magistrate Judge: Hon. Jacqueline Chooljian]<br><br>***EX PARTE* APPLICATION FOR AN ORDER EXTENDING THE TIME TO SERVE DEFENDANTS AND FOR ALTERNATIVE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Removal from Los Angeles County Superior Court on September 7, 2021]* |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1
*EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO SERVE DEFENDANTS
4855-4682-0101v6/106261-0003                                2:21-cv-07178 SB (JCx)

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** pursuant to Central District of California Local Rule 7-19, Cleanview Distribution Group LLC ("Cleanview"), Smash Hit Trading LLC ("Smash Hit"), and Green Gold ICE LLC ("Green Gold") (collectively, "Plaintiffs") hereby apply *ex parte* for an order: (i) extending the time for service of the First Amended Complaint on Peyton Palaio, Ted Palaio, Lawrence Larsen, Mark Jennings, and Jason Foster (collectively, "Defendants") by 52 days thereby setting the deadline for service as February 2, 2022; and (ii) permitting alternative service on Defendants by service via email and USPS mail on counsel for LGI Holdings, LLC and via email service on each of the Defendants, or, in the alternative, service by publication.

Good cause exists to grant Plaintiffs' request for an order extending time for service pursuant to Federal Rules of Civil Procedure 4(m) and 6(b). Among other reasons, Plaintiffs have diligently attempted to serve Defendants who already have notice of this action and who will not be prejudiced by granting this requested extension. Good cause also exists to grant Plaintiffs' request for service via an alternative method on Defendants because despite Plaintiffs' diligent attempts at service, Defendants have not yet been served and the proposed alternative means of service are reasonably calculated to provide Defendants' notice officially.

Pursuant to Local Rule 7-19, Plaintiffs hereby notify the Court that Defendants have not yet appeared in this action, but that Plaintiffs understand counsel for LGI Holdings, LLC ("LGI") to be in communication with Defendants regarding this action. LGI's counsel are as follows:

Kirk D. Dillman

kdillman@mckoolsmithhennigan.com

M. Storm Byrd

sbyrd@mckoolsmithhennigan.com

MCKOOL SMITH HENNIGAN, P.C.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

*EX PARTE* APPLICATION FOR AN ORDER EXTENDING TIME TO SERVE DEFENDANTS

4855-4682-0101v6/106261-0003                                     2:21-cv-07178 SB (JCx)

| | |
|---|---|
| 1 | 300 South Grand Avenue, Suite 2900 |
| 2 | Los Angeles, California 90071 |
| 3 | Telephone: (213) 694-1200 |
| 4 | Facsimile: (213) 694-1234 |
| 5 | Jeff Mueller |
| 6 | jmueller@daypitney.com |
| 7 | Gregory R. Bruno |
| 8 | gbruno@daypitney.com |
| 9 | DAY PITNEY LLP |
| 10 | 605 Third Avenue, 31st Floor |
| 11 | New York, NY 10158-1803 |
| 12 | Telephone: (212) 297-5800 |
| 13 | Facsimile: (212) 916-2940 |

14  Plaintiffs provided written notice of this application to LGI on December 3,
15 2021, and advised that opposing papers are to be filed no later than 48 hours (*i.e.*,
16 two court days) following service. (*See* Declaration of Stephen L. Ram in Support
17 of Order Extending the Time to Serve Defendants and For Alternative Service
18 ("Ram Declaration") ¶ 1, Ex. 1.) LGI declined a request to meet and confer. (*See*
19 *id.*)

20  This Application is based upon the following memorandum of points and
21 authorities, the concurrently-filed declaration of Stephen L. Ram and exhibits
22 thereto, the concurrently-lodged proposed order, the pleadings and papers already

23 ///
24 ///
25 ///
26 ///
27 ///
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

MEMORANDUM OF POINTS AND AUTHORITIES

4855-4682-0101v6/106261-0003                                         8:21-cv-00835 JVS (DFMx)

1  filed with this Court, oral argument if the Court elects to hold a hearing, and such
2  other matters as the Court may properly consider.

DATED: December 9, 2021            STRADLING YOCCA CARLSON &
                                   RAUTH A PROFESSIONAL
                                   CORPORATION


                                   By:  /s/ Stephen L. Ram
                                        Stephen L. Ram
                                        Lisa M. Northrup
                                        Nicole L. Carbonel
                                        Attorneys for Plaintiffs
                                        CLEANVIEW DISTRIBUTION
                                        GROUP LLC, SMASH HIT
                                        TRADING LLC, and GREEN GOLD
                                        ICE LLC

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

4
MEMORANDUM OF POINTS AND AUTHORITIES
4855-4682-0101v6/106261-0003                          8:21-cv-00835 JVS (DFMx)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................... 8

II. FACTUAL AND PROCEDURAL BACKGROUND................................... 8

III. ARGUMENT ................................................................................................ 10

    A. Granting Plaintiffs' Requested Relief *Ex Parte* is Proper ............... 10

    B. Good Cause Exists to Extend Plaintiffs' Time to Serve the Individual Defendants ...................................................................... 11

    C. The Court Should Permit Plaintiffs to Serve Defendants by Alternative Means ............................................................................ 14

IV. CONCLUSION ............................................................................................ 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*BP Prods. N. Am., Inc. v. Dagra*,
   232 F.R.D. 263 (E.D. Va. 2005) .................................................................. 16

*Facebook, Inc. v. Banana Ads, LLC*,
   No. C-11-3619 YGR, 2012 U.S. Dist. LEXIS 42160 (N.D. Cal.
   Mar. 27, 2012) ............................................................................................. 16

*Hannah v. Henriksen*,
   No. EDCV 21-232 JGB (SHKx), 2021 U.S. Dist. LEXIS 213091
   (C.D. Cal. Apr. 22, 2021) ....................................................................... 11, 17

*Lawrence v. City & Cty. of S.F.*,
   No. 14-cv-00820-MEJ, 2016 U.S. Dist. LEXIS 140054 (N.D. Cal.
   Oct. 7, 2016) ................................................................................................ 13

*Lemoge v. United States*,
   587 F.3d 1188 (9th Cir. 2009) ..................................................................... 12

*McGuckin v. United States*,
   918 F.2d 811 (9th Cir. 1990) ................................................................. 14, 15

*Mercury Cable & Energy, Inc. v. Chen*,
   No. SA CV 12-1857-DOC, 2013 U.S. Dist. LEXIS 2914 (C.D.
   Cal. Jan. 7, 2013) ................................................................................... 15, 16

*Merlo v. McDonough*,
   No. 2:19-cv-05078-ODW-JC, 2021 U.S. Dist. LEXIS 188417
   (C.D. Cal. Aug. 2, 2021) .............................................................................. 12

*Nationwide Prop. & Appraisal Servs., LLC v. Andrews*,
   No. SACV 20-2126 JVS (KESx), 2021 U.S. Dist. LEXIS 58184
   (C.D. Cal. Mar. 24, 2021) ............................................................................ 13

*Oracle Corp. v. Crypto Oracle, LLC*,
   No. 19-cv-04900-JCS, 2020 U.S. Dist. LEXIS 8673 (N.D. Cal.
   Jan. 17, 2020) ......................................................................................... 15, 16

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6
TABLE OF AUTHORITIES

4855-4682-0101v6/106261-0003                                    2:21-cv-07178 SB (JCx)

Case 2:21-cv-07178-SB-JC   Document 68   Filed 12/09/21   Page 7 of 17   Page ID #:801

*Rio Props v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ................................................................................16

*Ross v. White*,
  No. CV 17-04149-ODW (JC), 2017 U.S. Dist. LEXIS 222721
  (C.D. Cal. Sep. 6, 2017) .........................................................................................11

*Ruiz Varela v. Sanchez Velez*,
  814 F.2d 821 (1st Cir. 1987) ..................................................................................14

*Scott v. Sebelius*,
  379 F. Appx 603 (9th Cir. 2010) ............................................................................13

*Estate of Smith v. City of San Diego*,
  No. 16cv2989-WQH-MDD, 2017 U.S. Dist. LEXIS 68578 (S.D.
  Cal. May 4, 2017) ...................................................................................................11

*Twitch Interactive, Inc. v. Johnston*,
  No. 16-cv-03404-BLF, 2017 U.S. Dist. LEXIS 7787 (N.D. Cal.
  Jan. 19, 2017) .........................................................................................................16

*UFCW, Locals 197 & 373 v. Alpha Beta Co.*,
  736 F.2d 1371 (9th Cir. 1984) ................................................................................15

**Statutes**

Cal. Code of Civ. Proc. § 415.50 .................................................................................17

Cal. Gov't Code § 6064 ................................................................................................17

**Other Authorities**

Federal Rule of Civil Procedure 4 ..........................................................................*passim*

Federal Rule of Civil Procedure 6 ................................................................9, 11, 12, 13

Federal Rule of Civil Procedure 15 ..............................................................................15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Cleanview Distribution Group LLC, Smash Hit Trading LLC, and Green Gold ICE LLC (collectively, "Plaintiffs") bring this *ex parte* application (the "Application") seeking: (i) a fifty-two (52) day extension of time for service of the first amended complaint on Peyton Palaio, Ted Palaio, Lawrence Larsen, Mark Jennings, and Jason Foster (collectively, "Defendants") thereby setting the deadline for service as February 2, 2022; and (ii) an order allowing alternative service on Defendants via email and USPS mail service on counsel for LGI Holdings, LLC ("LGI") and via email service on each Defendant.

There is good cause for the extension of time for service pursuant to Federal Rules of Civil Procedure 4(m) and 6(b) because Plaintiffs have been unable to successfully serve Defendants despite their diligent efforts.[1]  Plaintiffs now request an order permitting alternative service that is both reasonably calculated to provide notice to the Defendants, and can be accomplished quickly to move this case forward.  Defendants will suffer no prejudice by this relief because Defendants already have notice of this lawsuit, as evidenced by LGI's motion to dismiss, or in the alternative transfer venue, which made arguments on behalf of Defendants regarding personal jurisdiction.  Additionally, the claims against LGI, which were the only claims moving forward, have been severed and transferred.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint in Los Angeles Superior Court on July 16, 2021.  In turn, Plaintiffs asked LGI's counsel if they would accept service on Defendants, but did counsel did not provide a response. (Ram Decl. ¶ 2, Ex. 2.)

---

[1] Plaintiffs have been informed that Ted Palaio (Lavelle) may have been served by substitute service and Plaintiffs are still in the process of confirming the details with the process server.

Plaintiffs thus served LGI via its registered agent on August 9, 2021. (*See* Dkt. 1 at 1.)

Defendant LGI removed the case to this Court on September 7, 2021. (*See* Dkt. 1.) The removal petition averred details on each of the individual defendants' domiciles. (*See id.* at 5-6.)

In the meantime, Plaintiffs conducted repeated searches of public records and the internet to locate potential addresses for each of the Defendants. (Ram Decl. ¶ 6.) As detailed in the declaration of Stephen L. Ram, Plaintiffs engaged professional process servers who collectively attempted to serve Defendants 26 times during the time period August 17, 2021 to December 7, 2021 including at four (4) different addresses for Peyton Palaio. (*Id.* ¶¶ 7-15, Exs. 3-15.) Plaintiffs additionally had surveillance conducted on Ted Palaio and Lawrence Larsen. (*Id.* ¶¶ 10-11, Exs. 8, 11.)

Counsel for Plaintiffs renewed their request for Defendants to accept service, but counsel declined to accept service. (*Id.* ¶¶ 4-5.)

On October 14, 2021, LGI moved to dismiss, or alternatively transfer venue. (*See* Dkt. 37.) While the motion was filed on behalf of LGI, the motion sought dismissal of the matter in its entirety and included arguments asserted on behalf of the Defendants, including arguing that the Court lacks personal jurisdiction over each of the Defendants. (*See id.* at 6-11.) LGI filed a declaration of defendant Peyton Palaio for that motion. (*See* Dkt. 37-1.)

Plaintiffs filed a first amended complaint on November 4, 2021. (*See* Dkt. 50.)

As it became clear that locating Defendants was proving to be challenging, Plaintiff Cleanview Distribution Group LLC served written discovery on LGI on November 5, 2021, including both requests for production and interrogatories, seeking information regarding Defendants' addresses. (Ram Decl. ¶ 16, Exs. 16,

17.) At LGI's request, Plaintiffs agreed to a courtesy extension for LGI to respond to the discovery on November 11, 2021. (*Id.* ¶ 17, Ex. 18.)

The following day, in its order dated November 12, 2021, this Court severed the claims against LGI and transferred them to the United States District Court for the District of Wyoming, while retaining jurisdiction over Plaintiffs' claims against Defendants. (*See* Dkt. 57.) The Court further ordered Plaintiffs to serve Defendants within 30 days of the date of the order thereby setting the deadline to serve as December 12, 2021. (*See id.*)

### III.   ARGUMENT

#### A.   Granting Plaintiffs' Requested Relief *Ex Parte* is Proper

Seeking relief for an extension of time for service via an *ex parte* application is appropriate under Federal Rule of Civil Procedure 6(b). *See* Fed. R. Civ. P. 6(b) (" . . . the court may, for good cause, extend the time: (A) with or **without motion or notice** . . .") (emphasis added); *see also Ross v. White*, No. CV 17-04149-ODW (JC), 2017 U.S. Dist. LEXIS 222721, at *4 (C.D. Cal. Sep. 6, 2017) (citing to Federal Rule of Civil Procedure 6(b) and granting request for extension of time for service). Case law also supports granting requests for alternative service via *ex parte* application. *See, e.g.*, *Hannah v. Henriksen*, No. EDCV 21-232 JGB (SHKx), 2021 U.S. Dist. LEXIS 213091, at *8 (C.D. Cal. Apr. 22, 2021) (granting in part *ex parte* application for alternative service); *Estate of Smith v. City of San Diego*, No. 16cv2989-WQH-MDD, 2017 U.S. Dist. LEXIS 68578, at *2, *10 (S.D. Cal. May 4, 2017 (granting same and referencing previously granted *ex parte* motion to extend time for service).

Moreover, good cause exists for granting the requested relief *ex parte* because: (i) Plaintiffs are without fault in creating the need for *ex parte* relief as Plaintiffs have been diligently attempting service on Defendants; and (ii) Plaintiffs will be irreparably prejudiced if this relief is heard on a regularly noticed motion as Plaintiffs are diligently working to move this case forward and further delay will

result if the case is dismissed and Plaintiffs refile. *See Merlo v. McDonough*, No. 2:19-cv-05078-ODW-JC, 2021 U.S. Dist. LEXIS 188417, at *4 (C.D. Cal. Aug. 2, 2021) (citing *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995)). Furthermore, Plaintiffs bring this application *ex parte* consistent with the rationale for setting deadlines for service as Plaintiffs seek to expediently serve Defendants via alternative methods rather than wait to do so following a regularly noticed motion (and when no Defendants have appeared who would be opposing the motion).

### B. Good Cause Exists to Extend Plaintiffs' Time to Serve the Individual Defendants

Rule 4(m) governs the service of pleadings. It provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[2] Fed. R. Civ. P. 4(m). The Ninth Circuit has explained that this means "Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citing *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001)) (internal citations omitted).

Rule 6(b) generally governs the extension of deadlines and provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts,

---

[2] Prior to amendment in 2015, Federal Rule of Civil Procedure 4(j) governed the time for service of pleadings.

or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b).

"'Good cause' is generally equated with 'diligence.'" *Lawrence v. City & Cty. of S.F.*, No. 14-cv-00820-MEJ, 2016 U.S. Dist. LEXIS 140054, at *12 (N.D. Cal. Oct. 7, 2016) (quoting *Townsel v. Contra Costa Cty.*, 820 F.2d 319, 320 (9th Cir. 1987)). "'[O]rdinarily. . . two or three attempts at a proper place' shows reasonable diligence." *Nationwide Prop. & Appraisal Servs., LLC v. Andrews*, No. SACV 20-2126 JVS(KESx), 2021 U.S. Dist. LEXIS 58184, at *7 (C.D. Cal. Mar. 24, 2021) (international citation omitted) (ellipsis in original). Other factors courts may consider specifically when determining whether to grant an enlargement of time for service of process include: "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Scott v. Sebelius*, 379 F. Appx 603, 604-05 (9th Cir. 2010) (quoting *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007)).

Plaintiffs seek an enlargement of time to serve prior to the deadline for service, December 12, 2021 (*see* Dkt. 57) and thus the "good cause" standard applies. Good cause exists for at least five (5) reasons.

First, Plaintiffs have diligently pursued service. Plaintiffs twice requested that LGI's counsel accept service on behalf of Defendants. (Ram Decl. ¶¶ 3-5, Ex. 2.) Plaintiffs extensively researched public records and the internet for potential addresses for the each of the Defendants and engaged professional process servers to attempt service at reasonable, potential addresses for each of the Defendants. (*Id*. ¶¶ 6-15, Exs. 3-15.) In total, the process servers made 25 attempts to serve Defendants, including attempted service at four (4) different addresses for Peyton Palaio. (*Id*. ¶¶ 8-15, Exs. 3-15.) Plaintiffs additionally had surveillance conducted on Ted Palaio (Lavelle) and Lawrence Larsen. (*Id*. ¶¶ 10-11, Exs. 8, 11.) Lastly, Cleanview served written discovery on LGI to obtain additional information

regarding addresses for each Defendant (as each is affiliated with LGI). (*Id*. ¶ 16, Exs. 16, 17.)

Second, there is no prejudice to Defendants in extending the time for service as the case had only progressed with respect to the claims asserted against LGI. And the claims against LGI have now been severed and transferred to the United States District Court for the District of Wyoming. (*See* Dkt. 57.)

Third, Defendants are already aware of the lawsuit. LGI's notice of removal included information specific to the location of each Defendant that was not included in Plaintiffs' complaint (*see* Dkt. 1 at 5-6) and LGI made arguments on behalf of the Defendants in its motion to dismiss, or alternatively to transfer venue. (*See* Dkt. 57 at 6-11.) Additionally, LGI filed defendant Peyton Palaio's declaration in support of the motion. (*See* Dkt. 37-1.)

Fourth, Defendants, as evidenced by the refusal to accept service and avoidance of the process servers after having notice of the lawsuit, are avoiding service. "Evasion of service by a putative defendant constitutes good cause for failure of service under Rule 4[m]." *Ruiz Varela v. Sanchez Velez*, 814 F.2d 821, 823 (1st Cir. 1987). In fact, Peyton Palaio appears to have evaded service in a prior lawsuit, in which service was then made via publication by the government. (*See* Ram Decl. ¶ 18, Ex. 19.)

Fifth, Plaintiffs will be able to effect service if this Court approves Plaintiffs' requests for an alternative method of service.

Lastly, the Ninth Circuit has held that the time limit for service as set forth in Rule 4 runs from the time of filing of an amended complaint. *See McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) ("Although McGuckin served the United States Attorney General more than 120 days after he commenced the action, we must construe the 120-day limit of Rule 4(j) to run from the filing of the second amended complaint."). The Ninth Circuit explained that "[t]o interpret the rule otherwise would restrict the time available for adding defendants to within 120

days after commencement" and "[t]hat result would contradict the relation-back provisions of Rule 15(c)." *Id.*  Thus consistent with *McGuckin,* Plaintiffs seek an extension of 90 total days since the filing of the amended complaint on November 4, 2021 to February 2, 2022.

### C. The Court Should Permit Plaintiffs to Serve Defendants by Alternative Means

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984).  Rule 4(e)(1) provides that " . . . an individual . . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  California law provides the forms of alternative service requested here.

"Where an individual cannot be personally served, and substitute service is not an option, California law provides for alternative service of Summons as follows: 'Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.'" *Mercury Cable & Energy, Inc. v. Chen*, No. SA CV 12-1857-DOC (ANx), 2013 U.S. Dist. LEXIS 2914, at *4 (C.D. Cal. Jan. 7, 2013) (quoting Cal. Code Civ. Proc. § 413.30).

Plaintiffs request this Court permit alternative service on Defendants via service on counsel for LGI via email and USPS and on the Defendants via email. Both of these methods of service are reasonably calculated to provide actual notice and have been found as acceptable methods of alternative service.  In *Oracle Corp. v. Crypto Oracle, LLC,* the court authorized Plaintiff to effect service by

serving the summons and the complaint on defendant's counsel by email and first-class mail in addition to serving the defendant by email.  *See Oracle Corp. v. Crypto Oracle, LLC*, No. 19-cv-04900-JCS, 2020 U.S. Dist. LEXIS 8673, at *5 (N.D. Cal. Jan. 17, 2020); *see also Rio Props v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002) (affirming district court permitting service via email because the "the district court properly exercised its discretionary powers to craft alternate means of service"); *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619 YGR, 2012 U.S. Dist. LEXIS 42160, at *7-9 (N.D. Cal. Mar. 27, 2012) ("Facebook's attempts to locate and contact the Domestic Defendants by postal mail and telephone have failed. Thus, under these circumstances, service by email would be the best method for providing actual notice to these Defendants."); *Mercury Cable & Energy,* 2013 U.S. Dist. LEXIS 2914, at *6 (permitting service on defendant via U.S. mail and email); *BP Prods. N. Am., Inc. v. Dagra*, 232 F.R.D. 263, 265 (E.D. Va. 2005) (ordering that service on counsel is acceptable as the "Court concludes that [counsel] must have some means of communicating with defendant, and he is therefore a proper party to receive service of process on his behalf"); *Twitch Interactive, Inc. v. Johnston,* No. 16-cv-03404-BLF, 2017 U.S. Dist. LEXIS 7787, at *8 (N.D. Cal. Jan. 19, 2017) (granting motion to serve defendants via service on counsel).

      Counsel for LGI can notify defendants because counsel is apparently already in communication with Peyton Palaio, as the manager for LGI, and with the other affiliated individuals of LGI, as evidenced by LGI's filings in this matter, including in LGI's motion to dismiss, which included personal jurisdiction arguments specific to the Defendants.  Additionally, counsel for LGI sent an email claiming that Plaintiffs served Mark Jennings's father, rather than Mark Jennings. (*See* Ram Decl. ¶ 13, Ex. 13.)

///

///

Defendants are reasonably calculated to receive notice via email service as Defendants have communicated on behalf of LGI and its affiliated entities with Plaintiffs using email prior to the initiation of this litigation, and would be served at those some email addresses.

In the alternative, Plaintiffs request service via publication because Plaintiffs have demonstrated that after reasonable diligence Defendants cannot be served by other means and causes of action are pending against Defendants in a court in this state. *See* Cal. Civ. Proc. Code § 415.50; *Hannah*, 2021 U.S. Dist. LEXIS 213091, at *5-6 (granting application in part to serve via publication where "[p]laintiff's Application and supporting documents also suggest that [defendant] has actual notice of the lawsuit" because "[t]his makes the typical due process concerns associated with service by publication less applicable here"). If service via publication is permitted, then Plaintiffs will need sufficient time to complete service in this method under California law. *See* Cal. Gov't Code § 6064 ("Publication of notice pursuant to this section shall be once a week for four successive weeks.").

Plaintiffs still intend to attempt personal service on each defendant once LGI responds to the pending discovery. If the Court is not inclined to allow for any means of alternative service, then Plaintiffs request the extension of 52 days to personally serve Defendants to allow time for Plaintiffs to obtain Defendants' addresses via LGI's responses to written discovery previously served on LGI.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant this Application and allow Plaintiffs with an additional 52 days (thereby setting the deadline for service as February 2, 2022) to serve each of the Defendants and to allow Plaintiffs to serve Defendants via email and USPS mail service on counsel for LGI and via email on each of the Defendants. If the Court is not inclined to grant Plaintiffs' Application,

then the Court should dismiss without prejudice. *See* Fed. R. Civ. Proc. 4(m) ("must dismiss the action without prejudice against that defendant").

DATED:  December 9, 2021  STRADLING YOCCA CARLSON & RAUTH A PROFESSIONAL CORPORATION

By: /s/ Stephen L., Ram
Stephen L. Ram
Lisa M. Northrup
Nicole L. Carbonel
Attorneys for Plaintiffs
CLEANVIEW DISTRIBUTION GROUP LLC, SMASH HIT TRADING LLC, and GREEN GOLD ICE LLC